UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FRANKIE D. ALBERT and
PHYLIS ALBERT, as Parents
and Next Friends of
SHYANNA D. ALBERT,

        Plaintiffs,

v.   No. SA-17-CV-0703-JKP

UNITED STATES DEPARTMENT OF
THE ARMY, WOUNDED WARRIOR
PROJECT, INC.,

        Defendants.

## ORDER

The Court has under consideration *Plaintiffs' Motion for New Trial as to Claims Against the U.S. Army*, ECF No. 162, to which Defendant United States Department of the Army (the "Army") responded, ECF No. 164. For the reasons set forth below, the Court denies the motion.

This Federal Tort Claims Act ("FTCA") case arises out of personal injuries sustained by Shyanna Albert ("Shyanna") on November 9, 2013. According to the Second Amended Complaint (the "complaint"), the operative pleading in this case, Shyanna was injured while riding in a light medium tactical vehicle ("LMTV") during a Veteran's Day Parade when a steel bar fell on her head and knocked her unconscious. ECF No. 54, pars. 5–7. The complaint alleges that the Albert family was invited to participate in the parade by Wounded Warrior Project ("WWP") and that the Army provided the LMTV. *Id.*, par. 5 Shyanna's parents filed this action as parents and next friends of Shyanna, then a minor, against the Army and WWP, alleging that the Defendants' negligence caused Shyanna's injuries. *Id.,* pars. 8–12.

In June 2015, in accordance with FTCA procedures, Shyanna's parents, Frankie and Phylis Albert, submitted an administrative claim to the U.S. Army seeking $40,000 in damages. *See* ECF No. 41-1, Standard Form 95 ("SF-95"), stamped received June 18, 2015. The claim alleged the following: (1) the Texas Army National Guard failed to secure a heavy bar on the LMTV in which Shyanna was riding at the Wounded Warrior's parade event; (2) the bar fell and struck Shyanna on the head, causing significant injuries, which require treatment; (3) the LMTV was furnished by the Army National Guard unit in San Marcos, Texas. *Id.* Plaintiffs further alleged that Shyanna "received a concussion from a blow to the back of her head from the heavy bar on the truck. She has had regular severe headaches ever since as well as memory, balance, mood, cognitive, and other problems." *Id.* Plaintiffs did not amend their administrative claim prior to filing suit.

On July 27, 2017, Plaintiffs filed their original complaint in this action. ECF No. 1. Plaintiffs' original complaint acknowledged that the SF-95 requested $40,000 in damages. *Id.*, par. 13. Plaintiffs averred that "the brain injuries to Shyanna, age 17 at time of suit, have been determined to be much more severe than originally known" and Plaintiffs therefore sought "damages to the full extent allowed by Texas law."[1] *Id.* Plaintiff's first amended complaint, filed September 11, 2017, contained the same language. ECF No. 18, par. 13. The Army denied Plaintiffs' administrative claim on September 27, 2017, citing the filing of this lawsuit as the reason it was denying Plaintiffs' claim and terminating the administrative process. *See* ECF No. 151 at 2 ( stating: "Since suit regarding this incident has been filed in the United States District

---

[1] The phrase "damages to the full extent allowed by Texas law" is insufficient to satisfy the "sum certain" requirement articulated in *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975).

2

Court for the Western District of Texas, all claims related to the event that serve as the basis of this suit are no longer amenable to administrative resolution.").[2]

During the pendency of this action, Plaintiffs have thrice moved the Court for leave to amend their complaint to increase damages from the administrative claim amount of $40,000 to $3.75 million. First, on July 18, 2018, which the Court denied without prejudice to reurging "with proper evidence in support of those claims." *See* ECF Nos. 39; 51 at 50.[3] The second motion for leave was filed on April 18, 2019. *See* ECF No. 57. The Magistrate Judge[4] recommended the motion be "dismissed without prejudice to raising at trial on a full evidentiary record." ECF No. 80. This Court adopted the report and recommendation. ECF No. 94.

In anticipation of the October 13, 2020 trial setting, the Army moved the Court to bifurcate the trial to consider Plaintiffs' request to seek damages of more than $40,000 in a separate hearing. *See* ECF No. 126, filed September 17, 2020. During a status conference and hearing on September 25, 2020, the Court orally denied the Army's motion as moot, noting that "Plaintiffs have not yet reurged their motion to request an increase of damages beyond their administrative claim pursuant to the alleged exceptions to § 2675(b)." *See* ECF No. 140. The Court then offered Plaintiffs the opportunity to make an oral motion to increase the damages amount requested in their administrative claim. Plaintiffs' counsel stated that he wished to renew his motion, marking the third request to increase damages beyond the $40,000 requested on the SF-95. The Court then directed Plaintiffs and the Army to simultaneously brief the issue. *Id.*

---

[2] *See also* ECF No. 152-12 at 46 (letter from Department of the Army Claims Division to Plaintiffs' counsel dated June 15, 2017, stating, "This notice constitutes final administrative action on the claim of your client . . . ."). While the two letters appear to offer conflicting evidence, the date the administrative claim was denied is not at issue here.

[3] Order of Judge Biery. The case was transferred to the undersigned on August 27, 2019 (ECF No. 79).

[4] On April 29, 2019, Judge Biery referred the matter to Magistrate Judge Elizabeth S. Chestney "for disposition of all remaining pretrial matters and motions, including Plaintiffs Reurged Motion for Leave to File Third Amended Complaint, and any request for injunctive relief." ECF No. 58.

On October 2, 2020, the Court heard oral arguments on Plaintiffs' *Second Reurged Motion for Leave to File Third Amended Complaint*, ECF No. 152 (the brief submitted by Plaintiffs) and *Defendant United States Department of the Army's Response to Plaintiffs' Motion for Leave to Amend Complaint*, ECF No. 151 (the brief submitted by the Army). Having reviewed the briefing, the previous motions and orders, and all of the evidence submitted by the parties in support of their arguments prior to the hearing, the Court received the parties' arguments on whether Plaintiffs met their burden under 28 U.S.C. § 2675(b).[5]

Subsection 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). The plaintiff bears the burden of proof. As the Fifth Circuit has explained:

> The plaintiff in an FTCA suit who seeks to exceed his administrative claim has the burden to show that the addition is based on newly discovered evidence or intervening facts within the meaning of § 2675(b). To satisfy this burden, the plaintiff must show that the evidence was not "reasonably capable of detection at the time the administrative claim was filed." In other words, "the information must not have been discoverable through the exercise of reasonable diligence." . . . . new information cannot surmount the bar created by § 2675(b) if the information merely concerns the precision with which the nature, extent, or duration of a claimant's condition can be known. . . . Information can be newly discovered evidence or an intervening fact, however, if it sheds new light on the basic severity of the claimant's condition—that is, if it materially differs from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed. Requiring the plaintiff to guard against a worst-case scenario in preparing his claim gives the Government full notice of its maximum potential liability in the case. This encourages settlement of FTCA cases in accordance with the statute's purposes.

*Lebron v. United States*, 279 F.3d 321, 330 (5th Cir. 2002) (citations omitted). "Diagnoses which are merely cumulative and confirmatory of previous diagnoses do not constitute either 'newly

---

[5] A motion to increase the amount of damages requested on an SF-95 submitted after final agency action is analyzed under 28 U.S.C. 2675(b) and the relevant case law.

4

discovered evidence' or 'intervening facts," for the purposes of [the FTCA]." *Powers v. United States*, 589 F. Supp. 1084 (D. Conn. 1984) (quoting *Kielwien v. United States*, 540 F.2d 676, 680-81 (4th Cir. 1976)). *See also Reilly v. United States*, 863 F.2d 149, 171 (1st Cir. 1988) ("Diagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered evidence' nor 'intervening facts' for the purpose of § 2675(b).").

Plaintiffs contend that the extent of Shyanna's injuries was not reasonably foreseeable at the time her parents filed the SF-95. They support their contention with what they consider to be newly discovered evidence and intervening facts, including:

a. Shyanna's school performance and attendance declined significantly after the FTCA administrative claim was filed.

b. Shyanna did not experience altered mental status, including altered and lethargic behavior, slurred speech, double vision, leg shaking, and trouble holding her head up until after the FTCA administrative claim was filed; nor was Shyanna hospitalized for these symptoms until after the claim was filed.

c. Shyanna did not begin to have seizures until after the FTCA administrative claim was filed.

d. The state of the research into mild traumatic brain injury in 2015, and the nature of mild traumatic brain injuries made Shyanna's prognosis "unforeseeable" at the time the FTCA administrative claim was filed. Specifically, well beyond the filing of the administrative claim, Shayanna's "treating providers were still trying to determine the severity of her injuries and expecting improvement." *See* ECF No. 152 at 2-9.

The facts demonstrate that Shayanna's parents could have discovered the severity of her injuries through reasonable diligence at the time they filed their SF-95 in June 2015. The facts also show that the diagnoses made in 2016 and 2018 were cumulative and confirmatory of earlier

diagnoses and were not newly discovered evidence or intervening facts. For example, three neuropsychological evaluations administered "independently of each other"—in 2014 by Dr. Katrina Hallmark, in 2016 by Dr. Janyna M. Mercado, and in 2018 by Dr. Sean Connolly—"came to the same clinical conclusions, assessing the objective scores as indicators of neurocognitive deficits."[6] ECF No. 152-5 at 33-36. On April 9, 2015, even without neuropsychological testing, Dr. Connolly's diagnostic impression was: "(331.83) Mild Neurocognitive Disorder due to two concussions and Second Impact Syndrome, with some reported neurocognitive deficits (Provisional)." ECF No. 152-5 at 12. Plaintiffs' evidence also rebuts their contention that the nascent state of the scientific research into mild traumatic brain injuries made Shyanna's prognosis unforeseeable at the time the FTCA administrative claim was filed. *See* ECF Nos. 152-5 at 33-36; 151-4; Plaintiffs' Exhibit 21 at 6-7 (showing, *inter alia*, significant scientific research on mild traumatic brain injury as early as 1993 and recognition of Second Impact Syndrome beginning in 1984).

Shyanna's father admits he knew that "Dr. Connolly mentioned the Second Impact Syndrome in his April 2015 report" indicating that prior to filing the SF-95, Shyanna's worst-case prognosis[7] could have been discovered through reasonable diligence. ECF No. 152-9 at 3;

---

[6] Dr. Hallmark's 2014 diagnostic impression: "AXIS I: 294.9 Cognitive Disorder, NOS; 315.2 Disorder of Written Expression (Provisional); 315.00 Reading Disorder (Provisional). AXIS II: V71.09 No Diagnosis. AXIS III: Concussion. AXIS IV: Educational. AXIS V: GAF= 70." *See* Plaintiff's Exhibit 19.

Dr. Mercado's 2016 diagnostic impression: "Shyanna meets Diagnostic Statistical Manual-5 (DSM-5) criteria for Mild Neurocognitive Disorder, with specific impairments noted in her working memory and variable executive functioning skills. . . . The etiology of these changes is due to the residual post concussive changes that have lingered since she sustained a mild traumatic brain injury with a loss of consciousness under 30 minutes noted (estimated five minutes). She is experiencing post-concussive symptoms at this time as well." *See* Plaintiffs' Exhibit 20.

Dr. Connolly's 2018 diagnostic impression: "(G31.84) Mild to Moderate Neurocognitive Disorder, due to concussion/TBI, without behavioral disturbance. (F06.34) Depressive Disorder, due to brain trauma, with mixed features of depression and anxiety." *See* ECF No. 152-5 at 26.

[7] *See* ECF No. 51 (discussing at length the worst-case prognosis test, which has been applied by the First, Fifth, and Seventh Circuits).

6

*see also* ECF No. 152-12 at 9-10 (letter to Army dated June 15, 2015, stating: "it is clear from the records that the second head injury was significant; and that since the second accident Shyanna has suffered and continues to suffer numerous serious symptoms consistent with a Second Impact Syndrome"). Shyanna's father also states: "We did not understand when we made the federal claim that the Second Impact Syndrome should make the Army responsible for the results of both concussions suffered by Shyanna. At that time, the Army denied that it owned the truck involved in the accident." ECF No. 152-9 at 3-4. This statement does not explain why, in the two years prior to filing suit, armed with evidence of Shyanna's prognosis, Plaintiffs never amended their SF-95 to increase the amount of damages.[8] *See, e.g.,* ECF Nos. 151-3; 152-12 at 24 (in a letter dated January 6, 2017, Plaintiffs ask the Army to re-evaluate their case based on new information related to Shyanna's brain injury but Plaintiffs do not increase the amount of damages requested).

During oral arguments, the Court observed that the evidence indicates Shyanna had additional head injuries after the 2013 incident and stated that all intervening events should be considered in a 2675(b) analysis. This observation was not dispositive to the Court's conclusion that Plaintiffs had not met their burden. Based on all the evidence before the Court and the briefing and arguments of the parties, the Court concluded that the information contained in the evidence could have been discovered through the exercise of reasonable diligence prior to submitting the SF-95. In other words, Plaintiffs could have made out Shyanna's worst-case

---

[8]
    A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

28 C.F.R. 14.2.

prognosis at the time they filed their SF-95. Accordingly, the Court denied Plaintiffs' *Second Reurged Motion for Leave to File Third Amended Complaint*. *See* ECF No. 161.

After the Court announced its decision, the Army orally tendered a Rule 68 offer of judgment to Plaintiffs for $40,000, the amount requested in Plaintiffs' SF-95. *See* Fed. R. Civ. P. 68. Subject to their right to appeal the Court's ruling on the *Second Reurged Motion for Leave to File Third Amended Complaint*, Plaintiffs did not object to the Army's oral motion to enter judgment in the amount of $40,000. On October 5, 2020, Plaintiffs filed the subject motion for new trial. ECF No. 162. On October 6, 2020, the Army filed a Notice of Rule 68 Offer of Judgment. ECF No. 163. On October 8, 2020, the Army filed its response to Plaintiffs' motion for new trial. ECF No. 164.

Though captioned as a motion for new trial, Plaintiffs' motion seeks reconsideration of the Court's denial of its *Second Reurged Motion for Leave to File Third Amended Complaint*. Whether to grant a motion to reconsider is within the discretion of the court. *United States v. Renda*, 709 F.3d 472, 478-79 (5th Cir. 2013). A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). In general, such motions "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 12532137, at *1 (N.D. Tex. June 22, 2015) (citation omitted). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 478. A motion for reconsideration may also allow a party to bring an intervening change in the controlling law to

the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003).

Plaintiffs contend that the Court should not have decided its reurged motion as it did—after briefing and oral arguments of the parties—rather, the Court should have issued its ruling only after the full trial record had been made. *See* ECF No. 162. Plaintiffs were not obligated to orally re-urge their motion at the hearing on September 25, 2020. Had they not reurged their motion, the case would have proceeded to trial as scheduled on October 13, 2020. Moreover, any objections could have been presented on September 25, 2020, when Plaintiffs orally reurged their motion to amend, in the briefing submitted in support of their reurged motion, or at the October 2, 2020 hearing on the motion. Plaintiffs have had ample opportunity to present arguments and evidence in support of their request to increase the amount of damages stated on their SF-95. *See* ECF Nos. 51, 53, 80, 140, 161. The Court denied Plaintiffs' request to increase the damages amount after careful consideration of both the evidence and the arguments presented. Accordingly, *Plaintiffs' Motion for New Trial as to Claims Against the U.S. Army* (ECF No. 162) is DENIED.

It is so ORDERED this 9th day of October 2020.

*(signature: Jason Pulliam)*

JASON PULLIAM
UNITED STATES DISTRICT JUDGE