UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FRANKIE D. ALBERT AND PHYLIS**
**ALBERT, AS PARENTS AND NEXT**
**FRIEND OF JANE DOE, A MINOR;**
**AND SHYANNA ALBERT,**
        **Plaintiffs,**

v.  No. SA-17-CV-00703-JKP

**UNITED STATES OF AMERICA,**
        **Defendant.**

## O R D E R

Before the Court is Defendant United States of America's ("Defendant") *Motion for Summary Judgment Against Plaintiff Shyanna Albert*. ECF No. 213. Plaintiff responded to the motion, ECF No. 211, Defendant replied, ECF No. 214, and the Court heard the arguments of the parties at a hearing convened January 8, 2021. The motion is ripe and ready for ruling.

### I. BACKGROUND

This Federal Tort Claims Act ("FTCA") case arises out of personal injuries sustained by Shyanna Albert ("Shyanna") on November 9, 2013. According to the Second Amended Complaint, the operative pleading in this case, Shyanna was injured while riding in a light medium tactical vehicle ("LMTV") during a Veteran's Day Parade when a steel bar fell on her head and knocked her unconscious. ECF No. 54, pars. 5–7. The complaint alleges that the Albert family was invited to participate in the parade by Wounded Warrior Project ("WWP") and that the Army provided the LMTV. *Id.*, par. 5 Shyanna's parents, Frankie and Phylis Albert, filed this action as parents and next friends of Shyanna, then a minor, against the Army (the United States) and WWP, alleging that the Defendants' negligence caused Shyanna's injuries. *Id.,* pars. 8–12.

In June 2015, in accordance with FTCA procedures, Shyanna's parents submitted an administrative claim to the Army seeking $40,000 in damages. *See* ECF No. 41-1 (Standard Form 95 ("SF-95"), stamped received June 18, 2015). Plaintiffs did not amend their administrative claim prior to filing suit. Rather, Plaintiffs filed several motions seeking to amend their complaint to increase the ad damnum amount.

On October 2, 2020, after due consideration of Plaintiffs' arguments and evidence in support of increasing the amount stated on the SF-95, the Court found Plaintiffs failed to meet their burden under 28 U.S.C. § 2675(b) and denied the request. *See* ECF Nos. 152, 161, 162, 165. After the Court announced its decision, the Army orally tendered a Rule 68 offer of judgment to Plaintiffs for $40,000, the amount requested in Plaintiffs' SF-95. *See* Fed. R. Civ. P. 68. Subject to their right to appeal the Court's ruling on their request to increase the ad damnum, Plaintiffs did not object to the Army's offer. On October 5, 2020, Plaintiffs filed a motion for new trial, ECF No. 162, which the Court construed as a motion for reconsideration. In an order that again explained its rationale for denying the motion to increase the ad damnum, the Court denied the motion. *See* ECF No. 165.

On October 22, 2020, after allowing the Army's Rule 68 Offer of Judgment, *see* ECF No. 163, to lapse, Plaintiffs filed a second motion for reconsideration. ECF No. 176. This motion requested that that Court convene a trial "allowing the Plaintiffs and the United States Army to present all evidence pertaining to the issues of 28 U.S.C. § 2675(b), as well as all other liability and damage issues." *Id.* The purpose of convening such trial was to obtain a final appealable order on the § 2675(b) issue. The Court denied the motion for reconsideration and because the unaccepted Rule 68 offer had no force upon its lapse, *see Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), the Court left the decision of whether to proceed to trial to the parties.

The parties elected to proceed to trial. In the pretrial submissions, Defendant learned Shyanna had settled with WWP. Consequently, Defendant sought leave to file a motion for summary judgment against Shyanna based on Texas's one-satisfaction rule, Tex. Civ. Prac. & Rem. Code § 33.012(b). *See* ECF No. 198. After giving Plaintiff an opportunity to respond, the Court granted Defendant leave to file its motion for summary judgment and set the matter for hearing.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The one satisfaction rule is a ground for summary judgment in cases when (1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff, and (3) punitive damages are not at issue." *Cohen v. Arthur Andersen, L.L.P*, 106 S.W.3d 304, 309-10 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## III. DISCUSSION

**1. The one satisfaction rule applies.**

The one satisfaction rule prohibits a plaintiff from recovering twice for a single injury. *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 390 (Tex. 2000). Under the rule, the nonsettling defendant may only claim a credit based on the damages for which all tortfeasors are jointly liable. *Id.* at 391. The rule applies when defendants commit the same acts as well as when defendants commit technically differing acts that result in a single injury. *Id.* at 390. The fact that more than one defendant may have caused the injury or that there may be more than one theory of liability does not modify this rule. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 8 (Tex.

1991). Whether the rule applies is determined not by the cause of action, but by the injury. *Id.* at 7-8.

Plaintiff concedes that both WWP and the Army (Defendant United States) are liable for her injuries. *See* ECF No. 213-1 (Answers to Interrogatories). Tex. Civ. Prac. & Rem. Code § 33.003(a) provides that the trier of fact "shall determine the percentage of responsibility, stated in whole numbers" for each claimant, defendant, settling person, and responsible third party "with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought." Thus, the Court will be called upon to apportion fault between the United States and WWP. Because WWP is responsible for a percentage of Plaintiff's harm, the Court "shall further reduce the amount of damages to be recovered by [Plaintiff] by the sum of the dollar amounts of all settlements." *Id.* § 33.012(b). Accordingly, the one satisfaction rule applies in this case.

**2. The settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff.**

Because the Court denied the motion for leave to amend, Plaintiff claimed and can recover from the United States no more than $40,000. Thus, the settlement credit of $172,500, agreed to in a general release that did not allocate damages, entirely sets-off the maximum amount of liability claimed by the Plaintiff. *See* ECF No. 213-3 (Settlement Agreement).[1]

---

[1]

A nonsettling party seeking a settlement credit has the burden to prove its right to such credit. This burden includes proving the settlement credit amount. The nonsettling party can meet this burden by placing the settlement agreement or some evidence of the settlement amount in the record. If the nonsettling party meets this burden, the burden shifts to the plaintiff to tender a valid settlement agreement allocating the settlement between (1) damages for which the settling and nonsettling defendant are jointly liable, and (2) damages for which only the settling party was liable. If the plaintiff cannot satisfy this burden, then the nonsettling party is entitled to a credit equaling the entire settlement amount.

*Cohen*, 106 S.W.3d at 310 (citations omitted).

**3. Punitive damages are not at issue.**

28 U.S.C. § 2674 provides: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." Thus, punitive damages are not recoverable against the United States under the FTCA and are not at issue here.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant United States of America's *Motion for Summary Judgment Against Plaintiff Shyanna Albert*, ECF No. 213. The Clerk of Court is **DIRECTED** to enter a take nothing judgment in favor of Defendant United States of America and against Shyanna Albert. The Clerk of Court is **DIRECTED** to **TERMINATE** Shyanna Albert from this case.

**It is so ORDERED this 8th day of January 2021.**

*[signature]*

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**